**Achilles CORELLEONE,**
**Plaintiff—Appellant,**

v.

**COVINA POLICE DEPARTMENT,**
**Defendant—Appellee.**

No. 10–57036.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 19, 2011.*

Filed Jan. 9, 2012.

Achilles Corelleone, Soledad, CA, pro se.

Before: GOODWIN, WALLACE, and
McKEOWN, Circuit Judges.

MEMORANDUM **

Achilles Corelleone, a California state
prisoner, appeals pro se from the district
court's order denying his motion to pro-
ceed in forma pauperis in his 42 U.S.C.
§ 1983 action alleging constitutional viola-
tions in connection with his arrest and the
seizure of his vehicle and cell phone. We
have jurisdiction under 28 U.S.C. § 1291.
We review for an abuse of discretion. *Tri-*
*pati v. First Nat'l Bank & Trust,* 821 F.2d
1368, 1369 (9th Cir.1987). We affirm.

The district court did not abuse its dis-
cretion by denying leave to proceed in
forma pauperis because it appears from
the face of the complaint that Corelleone's
allegations imply the invalidity of his con-
viction, and he has not shown that his
conviction was overturned or otherwise in-

validated. *See Heck v. Humphrey,* 512
U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d
383 (1994) (an action for damages is not
cognizable under 42 U.S.C. § 1983 if "a
judgment in favor of the plaintiff would
necessarily imply the invalidity of his con-
viction or sentence ... unless the plaintiff
can demonstrate that the conviction or
sentence has already been invalidated");
*see also Tripati,* 821 F.2d at 1370 ("A
district court may deny leave to proceed in
forma pauperis at the outset if it appears
from the face of the proposed complaint
that the action is frivolous or without mer-
it.").

Corelleone's contention that he is seek-
ing the return of his property rather than
challenging his conviction, made for the
first time on appeal, is unavailing. *See*
*Barnett v. Centoni,* 31 F.3d 813, 816–17
(9th Cir.1994) (noting the availability of
adequate post-deprivation state law reme-
dies for the deprivation of property);
*Smith v. Marsh,* 194 F.3d 1045, 1052 (9th
Cir.1999) ("As a general rule, we will not
consider arguments that are raised for the
first time on appeal.").

Issues that are not raised in the opening
brief are deemed waived. *See Indep. Tow-*
*ers of Wash. v. Washington,* 350 F.3d 925,
929 (9th Cir.2003).

Corelleone's remaining contentions are
unpersuasive.

**AFFIRMED.**

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.